```
GCJAAKENP                    Plea
```

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   UNITED STATES OF AMERICA,
 4              v.                                16 CR 385 (DLC)
 5   DAVID W. KENT,
 6              Defendant.
 7   ------------------------------x
                                                  New York, N.Y.
 8                                                December 19, 2016
 9                                                10:35 a.m.
10
     Before:
11
                      HON. DENISE L. COTE,
12
                                                  District Judge
13
14                        APPEARANCES
15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     ANDREW KEN-WEI CHAN
17        Assistant United States Attorney
18   DAN COGDELL
          Attorney for Defendant Kent
19
     DAVID SPEARS
20        Attorney for Defendant Kent
21   REED KEEFE
          Attorney for Defendant Kent
22
23
24
25
```

1              (Case called)
2              MR. CHAN:  Good morning, your Honor.
3              Andrew Chan here on behalf of the United States.  I'm
4    also joined by Special Agent Evelynina Aslanyan, for the
5    Federal Bureau of Investigation.
6              At this moment we're just taking a couple moments to
7    sign the plea paperwork.  I think we just might need another
8    120 seconds.
9              (Recess)
10             (Case called)
11             MR. CHAN:  Andrew Chan here, on behalf of the United
12   States.  I am joined at counsel table by Special Agent
13   Evelynina Aslanyan, of the Federal Bureau of Investigation.
14             MR. COGDELL:  Good morning, your Honor.
15             Dan Cogdell, David Spears and Reed Keefe, for
16   Mr. Kent.
17             THE COURT:  Welcome everyone.
18             I understand there is going to be the entry of a plea
19   pursuant to a superseding information.
20             Is that right, Mr. Cogdell?
21             MR. COGDELL:  It is, your Honor.
22             THE COURT:  Mr. Kent, please stand.
23             I have been informed that you wish to enter a plea of
24   guilty.  Before accepting your plea I am going to ask you
25   certain questions to establish for my satisfaction that you are

1    pleading because you are guilty and not for some other reason.
2    If at any time you do not understand my questions or if you
3    wish for a further opportunity to consult with your lawyers,
4    will you let me know?
5             THE DEFENDANT:  Yes, your Honor.
6             THE COURT:  Please place the defendant under oath.
7             (Defendant David W. Kent sworn)
8             THE COURT:  What is your full name?
9             THE DEFENDANT:  David William Kent, Junior.
10            THE COURT:  How old are you?
11            THE DEFENDANT:  41.
12            THE COURT:  How far did you go in school?
13            THE DEFENDANT:  I got a BBA in management information
14   systems.
15            THE COURT:  Have you ever been treated or hospitalized
16   for any mental illness?
17            THE DEFENDANT:  No, your Honor.
18            THE COURT:  Are you now or have you recently been
19   under care of a doctor or a psychiatrist?
20            THE DEFENDANT:  Yes, your Honor.
21            THE COURT:  For what condition?
22            THE DEFENDANT:  Alcoholism and depression and anxiety.
23            THE COURT:  In the past 24 hours have you taken any
24   drugs or medicine or pills?
25            THE DEFENDANT:  I've only taken Zoloft 100 milligrams.

1           THE COURT:  Does that drug interfere with your ability
2    to consult with counsel?
3           THE DEFENDANT:  No, your Honor.
4           THE COURT:  Does it interfere with your ability to
5    remember what happened in the past?
6           THE DEFENDANT:  No, your Honor.
7           THE COURT:  Is your mind clear today?
8           THE DEFENDANT:  Yes, your Honor.
9           THE COURT:  Do you understand what's happening in this
10   proceeding?
11          THE DEFENDANT:  Yes, your Honor.
12          THE COURT:  Do any counsel have doubt as to the
13   defendant's competence to enter a plea of guilty?
14          MR. CHAN:  No, your Honor.
15          MR. COGDELL:  No, your Honor.
16          THE COURT:  Based on my observations of the defendant,
17   his demeanor and his responses to my questions, I find that he
18   is competent to enter a plea of guilty.
19          Now, Mr. Kent, have you had a sufficient opportunity
20   to discuss your case with your lawyers?
21          THE DEFENDANT:  Yes, your Honor.
22          THE COURT:  Have you had a sufficient opportunity to
23   discuss with them the charge to which you'd be pleading guilty,
24   any defenses you have to that charge and the consequences to
25   you of entering a plea of guilty?

1           THE DEFENDANT:  Yes, your Honor.

2           THE COURT:  Are you satisfied with the representation
3  your attorneys have given you?

4           THE DEFENDANT:  Yes, your Honor.

5           THE COURT:  I'm now going to explain certain
6  constitutional rights that you have.  You'll be giving up these
7  rights if you enter a plea of guilty.

8           Under the Constitution and laws of the United States
9  you are entitled to a speedy and public trial by a jury on the
10 charges contained in the information that's being filed against
11 you.  Do you understand that?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  At that trial you've be presumed to be
14 innocent and the government would be required to prove you
15 guilty by competent evidence and beyond a reasonable doubt
16 before you could be found guilty.  You would not have to prove
17 that you were innocent and a jury of 12 people would have to
18 agree unanimously that you were guilty.  Do you understand
19 that?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  At that trial and at every stage of your
22 case you would be entitled to be represented by a lawyer and if
23 you could not afford one one would be appointed to represent
24 you.  Do you understand that?

25          THE DEFENDANT:  Yes, your Honor.

1     THE COURT:  At that trial the witnesses for the
2 government would have to come to court and testify in your
3 presence.  And your lawyer could cross examine the witnesses
4 for the government, object to evidence offered by the
5 government and if you desired, issue subpoenas, offer evidence
6 and compel witnesses to come to court and testify on your
7 behalf.  Do you understand that?
8     THE DEFENDANT:  Yes, your Honor.
9     THE COURT:  At that trial although you'd have the
10 right to testify if you chose to do so, you would also have the
11 right not to testify.  And no inference or suggestion of guilt
12 could be drawn from the fact that you did not testify if that
13 is what you chose to do.  Do you understand that?
14     THE DEFENDANT:  Yes, your Honor.
15     THE COURT:  Do you understand that if you were
16 convicted at a trial that you'd have the right appeal from that
17 verdict.  Do you understand that?
18     THE DEFENDANT:  Yes, your Honor.
19     THE COURT:  Even at this time right now, even as you
20 are entering this plea you have the right to change your mind
21 and plead not guilty and go to trial.  Do you understand that?
22     THE DEFENDANT:  Yes, your Honor.
23     THE COURT:  If you plead guilty and I accept your plea
24 you are going to give up your right to a trial and all the
25 other rights I've just described.  There will be no trial and

1  I'll sentence you based on this plea after I read whatever
2  submissions I get from you and your lawyer and the government's
3  lawyers and after I read a presentence report prepared by the
4  probation department.  Do you understand that?
5          THE DEFENDANT:  Yes, your Honor.
6          THE COURT:  If you plead guilty you're also going to
7  give up your right not to incriminate yourself because I'm
8  going to ask you today what you did and you are going to have
9  to describe your conduct to me.  Do you understand that?
10         THE DEFENDANT:  Yes, your Honor.
11         THE COURT:  Now, the superseding information that's
12 being filed against you, S 116 CR 385, charges you with a
13 serious crime.  As a result, you have the right under the
14 Constitution to require the government to go before a grand
15 jury, present evidence to a grand jury and see whether or not
16 the grand jury votes to charge you with the crime.  The charge
17 against you has not presented to a grand jury.  It's contained
18 in the superseding information signed only by the U.S.
19 Attorney, not by the U.S. Attorney and the grand jury
20 foreperson.  Do you understand that?
21         THE DEFENDANT:  Yes, your Honor.
22         THE COURT:  Are you willing to give up your right to
23 be charged by a grand jury with this crime?
24         THE DEFENDANT:  Yes, your Honor.
25         THE COURT:  I am going to ask my deputy to show you

1    some documents. I want to know if that's your signature on
2    those documents?
3             THE DEFENDANT: Yes, your Honor, it is.
4             THE COURT: Did you read the documents before you
5    signed them?
6             THE DEFENDANT: Yes, I did, your Honor.
7             THE COURT: Did you discuss them with your lawyer
8    before you signed them?
9             THE DEFENDANT: Yes, your Honor.
10            THE COURT: Did you understand that by signing those
11   documents you were acknowledging to me your willingness to give
12   up your right to be indicted by a grand jury for this crime?
13            THE DEFENDANT: Yes, your Honor.
14            THE COURT: I find a knowing and voluntary waiver of
15   the right to indictment.
16            Let me make sure you are you know what you are charged
17   with Count One of this superseding information. It charges you
18   with criminal conduct during the period between October 2013
19   and February of 2016 that occurred at least in part here in the
20   Southern District of New York which includes Manhattan and the
21   Bronx among other locations. Do you understand that?
22            THE DEFENDANT: Yes, your Honor.
23            THE COURT: It charges that you intentionally accessed
24   a computer without authorization or that you acceded authorized
25   access and there by obtained information from what is described

1     as a protected computer.  Do you understand that's part of the
2     charge against you?
3             THE DEFENDANT:  Yes, your Honor.
4             THE COURT:  It charges further that you did this for
5     the purpose of commercial advantage and private financial gain.
6     Do you understand that's part of the charge against you as
7     well?
8             THE DEFENDANT:  Yes, your Honor.
9             THE COURT:  This refers to specifically you accessing
10    client information from the database of a website owned by a
11    company and that you did that without authorization for the
12    purpose of increasing the membership of a website owned by
13    yourself.  Do you understand that's part of the charge against
14    you?
15            THE DEFENDANT:  Yes, your Honor.
16            THE COURT:  Let me review with you the penalties that
17    apply to this crime.  This crime carries a maximum term of
18    imprisonment of five years, a maximum term of supervised
19    release of three years, a maximum fine of $250,000 or twice the
20    gross gain or loss and a requirement to pay special assessment
21    of $100 and make restitution.  Do you understand that?
22            THE DEFENDANT:  Yes, your Honor.
23            THE COURT:  "Supervised release" means that you'll be
24    subject to monitoring when released from prison.  There are
25    terms of supervised release with which you must comply and if

1  you do not comply with them you can be returned to prison
2  without a jury trial.  You'd be given no credit for any time
3  you'd already spent in prison and no credit for any time you
4  spent on post release supervision.  Do you understand that?
5           THE DEFENDANT:  Yes, your Honor.
6           THE COURT:  Are you a citizen of this country?
7           THE DEFENDANT:  Des yes, your Honor.
8           THE COURT:  Do you understand that if your attorney or
9  anyone else has attempted to predict to you what your sentence
10 will be that their prediction could be wrong?  Do you
11 understand that?
12          THE DEFENDANT:  Yes, your Honor.
13          THE COURT:  No one, not your lawyer, not the
14 government's lawyer, no one can give you any assurance of what
15 your sentence will be because I'm going to decide your sentence
16 but I'm not going to do that now.  I am going to wait.  I'm
17 going to wait till I get a presentence report prepared by the
18 probation department, do my own independent calculation of what
19 your sentence guidelines range is, decide whether I should
20 depart up or down from that range, look at all the other
21 information before me, consider the factors set forth in a
22 section of the law we call Section 3553(A) and only then after
23 that whole process will I decide what a reasonable sentence is
24 for you.  Do you understand that?
25          THE DEFENDANT:  Yes, your Honor.

Case 1:16-cr-00385-DLC   Document 41   Filed 01/19/17   Page 11 of 20       11
GCJAAKENP                       Plea

1          THE COURT:  Even if your sentence is different from
2   what your attorney or anyone else has told you it might be,
3   even if it's different from what's calculated in a written
4   agreement you have with the government, you are still going to
5   be bound by your plea of guilty and cannot withdraw your plea
6   of guilty.  Do you understand that?
7          THE DEFENDANT:  Yes, your Honor.
8          THE COURT:  Has anyone threatened you or anyone else
9   forced you in any way to plead guilty?
10         THE DEFENDANT:  No, your Honor.
11         THE COURT:  Let me make sure I understand and that you
12  understand the terms of a plea agreement that's been entered
13  into between you and the government.  Do you have a copy in
14  front of you?
15         THE DEFENDANT:  Yes, your Honor.
16         THE COURT:  Does it have the date "December 7th" on
17  the first page?
18         THE DEFENDANT:  Yes, your Honor.
19         THE COURT:  Does it has six pages in all?
20         THE DEFENDANT:  Yes, it does, your Honor.
21         THE COURT:  Is your signature on the last page?
22         THE DEFENDANT:  Yes, your Honor.
23         THE COURT:  What's the date next to your signature?
24         THE DEFENDANT:  12/19/16.
25         THE COURT:  Did you sign this today?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1              THE DEFENDANT:  Yes, your Honor.
2              THE COURT:  Before signing it did you read it?
3              THE DEFENDANT:  Yes, I did.
4              THE COURT:  Before signing it did you discuss it with
5     your lawyer?
6              THE DEFENDANT:  Yes, your Honor.
7              THE COURT:  At the time you signed this document did
8     you believe you had a good understanding of its terms?
9              THE DEFENDANT:  Yes, your Honor.
10             THE COURT:  In this agreement the parties in this
11    document the parties have agreed that your sentencing
12    guidelines range is 46 to 57 months in prison.  Do you
13    understand that?
14             THE DEFENDANT:  Yes, your Honor.
15             THE COURT:  Do you understand that by signing this
16    document you've given up your right to appeal, challenge or
17    litigate your sentence so long as I don't sentence you to more
18    than 57 months in prison?
19             THE DEFENDANT:  Yes, your Honor.
20             THE COURT:  Now, do you have any agreement with the
21    government about your plea or about your sentence that has been
22    left out of this document?
23             THE DEFENDANT:  No that I'm aware of, your Honor.
24             THE COURT:  So, tell me in your own words what you did
25    that makes you believe you are guilty of the crime you are

1  charged with here.
2           THE DEFENDANT:  Your Honor, beginning in October of
3  2013, I intentionally accessed without authorization the
4  database of a website called Rigzone, R-I-G-Z-O-N-E.
5           THE COURT:  You accessed what?
6           THE DEFENDANT:  A website called Rigzone.com and I
7  accessed resumes from Rigzone.com.  Rigzone.com provides
8  services to the oil and gas industry.  And I took the resumes
9  for my own commercial advantage to help my business Oilpro.
10          THE COURT:  What was your business?
11          THE DEFENDANT:  Oilpro.com.
12          THE COURT:  And how did you expect the resumes would
13 advance your business?
14          THE DEFENDANT:  By inviting people to join my site to
15 increase the membership of Oilpro.
16          THE COURT:  And I believe you said you began to do
17 this in October of 2013?
18          THE DEFENDANT:  Yes, your Honor.
19          THE COURT:  Over what period of time did you do this?
20          THE DEFENDANT:  October 2013 to somewhere during the
21 first quarter of 2014 and then in June of 2015 the second time,
22 your Honor.
23          THE COURT:  And you understood that what you were
24 doing was wrong?
25          THE DEFENDANT:  Yes, your Honor.

1           THE COURT:  You understood it was a crime?
2           THE DEFENDANT:  Yes, your Honor.
3           THE COURT:  I think you told me that what you did was
4    without authorization?
5           THE DEFENDANT:  Yes, your Honor.
6           THE COURT:  What made you believe it was without
7    authorization?
8           THE DEFENDANT:  That Rigzone had not granted me the
9    right to access the web pages that we're discussing.  They did
10   not give me the explicit right to access those pages.
11          THE COURT:  That's where the resumes were stored?
12          THE DEFENDANT:  Yes, your Honor.
13          THE COURT:  I'll take a representation from you,
14   Mr. Chan, on venue.
15          MR. CHAN:  Your Honor, to the extent necessary, the
16   defendant in the plea agreement has waived any venue and
17   statute of limitations defenses.  However, the government would
18   represent that it would be able to prove venue by a
19   preponderance of evidence by establishing evidence of certain
20   meetings that took place in New York in furtherance of the
21   scheme.
22          THE COURT:  So, Mr. Kent, did you have meetings in
23   Manhattan in connection with the activity you just described to
24   me?
25          THE DEFENDANT:  Yes, your Honor.

1           THE COURT:  And what was the purpose of those
2    meetings?
3           THE DEFENDANT:  I had two meetings in January of 2016.
4    One with Hertz Ventures and one with Dice Holdings.  And the
5    purpose was to raise capital for my business by seeking
6    investment capital.  And then in the case of Dice Holdings, the
7    owner of Rigzone my intent was to try to get a market valuation
8    for my company.
9           THE COURT:  But how did access, improper unauthorized
10   access to the resumes of the Rigzone site relate to those
11   meetings?
12          THE DEFENDANT:  I think I saw them as two separate
13   things but the value of my company through gaining new members
14   would have increase the value of Oilpro to Rigzone and
15   therefore it had a connection in that way.
16          THE COURT:  Thank you.
17          Now, you understand that under our Constitution you
18   have a right to insist on being charged with a crime in the
19   district in which it is committed; do you understand that?
20          THE DEFENDANT:  Yes, your Honor.
21          THE COURT:  So, where was your office when you were
22   engaged in the criminal activities that you've described to me?
23          THE DEFENDANT:  Houston, Texas, your Honor.
24          THE COURT:  So, you understand or you wished that you
25   could potentially if you had a factual and legal right to this

1    issue to insist on this issue, you could insist that you be

2    charged in Texas in your home district with this criminal

3    activity; do you understand that?

4             THE DEFENDANT:  Yes, your Honor.

5             THE COURT:  Have you discussed that issue with your

6    lawyer?

7             THE DEFENDANT:  Yes, I have, your Honor.

8             THE COURT:  You are willing to give up any right that

9    you potentially might have to protest venue for this criminal

10   activity here in New York?

11            THE DEFENDANT:  Yes, your Honor.

12            THE COURT:  Does the government agree there's a

13   sufficient factual predicate for a plea?

14            MR. CHAN:  Your Honor, in an abundance of caution

15   perhaps the Court could ask one additional questions as to who

16   the defendant acknowledges that the Rigzone website that he

17   accessed was a protected computer in the sense that that

18   ordinarily requires a password to access that website.

19            THE COURT:  So, Mr. Kent, you've heard what the

20   prosecutor just said; did you hear that.

21            THE DEFENDANT:  Yes, your Honor, I did.

22            THE COURT:  Is it true that the Rigzone website

23   required a password?

24            THE DEFENDANT:  Yes, your Honor.

25            THE COURT:  And did you have authorized access?

1        THE DEFENDANT:  No, your Honor, I did not.

2        THE COURT:  OK.  So you circumvented the password
3    protected features of the website?

4        THE DEFENDANT:  Yes, your Honor.

5        THE COURT:  You're hesitating.  What is the
6    hesitation?

7        THE DEFENDANT:  It's a technical one in which someone
8    logs into the website in order to access a resume databases.
9    The web pages I accessed didn't necessarily have a log-in
10   feature but I do believe I accessed those web pages without
11   authorization.

12       THE COURT:  In what way?  In what sense?

13       THE DEFENDANT:  In that I didn't have permission, your
14   Honor, to access those web pages.

15       THE COURT:  So, the password protection was not for
16   the pages that you accessed?

17       THE DEFENDANT:  No, your Honor.

18       THE COURT:  Did you have a password for the site
19   generally?

20       THE DEFENDANT:  No, your Honor, I did not.

21       THE COURT:  I'm looking at Section 1030(a)(2)(C).  It
22   makes it a crime to intentionally access a computer without
23   authorization or to accede authorized access and thereby obtain
24   information from any protected computer.

25       Is there a statutory definition for a protected

1  computer, Mr. Chan?
2           MR. CHAN:  Your Honor, in Subsection (e)(2) of Title
3  18 U.S.C. it said that the terms --
4           THE COURT:  What do you mean (e)(2)?  You mean section
5  1030(e)(2)?
6           MR. CHAN:  That's correct, your Honor.
7           THE COURT:  OK.  Hold on.
8           (Pause)
9           THE COURT:  Let me read it.
10          (Pause)
11          THE COURT:  So, are you relying on (2)(A) or (2)(B).
12          MR. CHAN:  Your Honor, it would be (2)(B).
13          THE COURT:  So, a protected computer doesn't mean
14 password protected.  It just means a computer used in
15 intrastate or foreign commerce.
16          MR. CHAN:  Yes, your Honor, that's correct.
17          THE COURT:  So that has to do with the scope of the
18 business of Rigzone and its website?
19          MR. CHAN:  Yes, your Honor, that would be correct.
20          THE COURT:  OK.  So, Mr. Chan, I am trying to
21 understand the import of your request that I make further
22 inquiry.
23          MR. CHAN:  Your Honor, I believe that with the
24 defendant's answer he has covered the government's concerns.
25          THE COURT:  OK.  Thank you.

1          Mr. Cogdell, is there any additional question that you
2  believe I should place to your client?
3          MR. COGDELL:  I do not, your Honor.
4          THE COURT:  Do you agree there's a sufficient factual
5  predicate for a plea?
6          MR. COGDELL:  I do.
7          THE COURT:  Do you know of any reason why I should not
8  accept this plea?
9          MR. COGDELL:  I do not, your Honor.
10         THE COURT:  So, Mr. Kent, since you've acknowledged
11 that you are in fact guilty as charged, since I'm satisfied
12 that you know of your rights including your right to go to
13 trial and that you are aware of the consequences of the plea,
14 including the sentence that may be imposed and since I find
15 that you are voluntarily pleading guilty, I accept a plea of
16 guilty to the superseding information.
17         Now, at some point here the probation department is
18 going to want to be interview you.  If you speak with them make
19 sure anything you say is truthful and accurate.  And the
20 reports they prepare is important to me in deciding what
21 sentence to impose.  You read it with care as well before
22 sentence.  If you see any errors in it, will you point out
23 those out to your attorney?
24         THE DEFENDANT:  Yes, your Honor.
25         THE COURT:  I'm going to -- you may be seated.

1    I'm going to ask you, Mr. Cogdell, to cooperate with
2    the probation department so the defendant can be interviewed
3    within the next two weeks
4         THE DEFENDANT:  Yes, ma'am.
5         THE COURT:  Thank you.
6         Sentence is set for?
7         COURTROOM DEPUTY:  March 17, 2017, at two p.m.  Any
8    defense submissions shall be due March 3rd.  Government's
9    response due March 10th.
10        THE COURT:  Now, I also have a preliminary order of
11   forfeiture/money judgment.  It is executed by the parties.  Let
12   me review it.  It's in the sum of $2,932,800.  I've signed the
13   document.
14        I understand that counsel for a victim is here.  And
15   of course, the government has an obligation to provide notice
16   to the victim regarding the status of criminal proceedings and
17   I urge the victim to cooperate with the government to make sure
18   that any submissions the victim wishes to make in connection
19   with this sentence are timely submitted to the Court.
20        And I thank you for your attendance.  Thank you, all.
21                        (Adjourned)